[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on numerous pendente lite motions. Trial dates were held on February 15, June 6, and July 22, 2002, and some of the motions were previously decided. In addition, the wife was held in contempt for bringing the children into the presence of her then boyfriend on two occasions in violation of court orders.
The parties have been married for sixteen years and have four children between the ages of five and thirteen. The wife has historically been the primary caretaker for the children in part because of the husband's demanding work schedule and because she has not worked outside the home except for assisting with bookkeeping at the husband's business. The parties appear to agree that a consistent visitation schedule is required. The wife asks that the husband contribute $1,300.00 weekly to the household expenses for the marital home, stating that the sum will be sufficient "if I'm allowed to downsize some of my expenses." However, she would prefer that he contribute more.
The court has considered the evidence from the three hearings as well as all statutory criteria applicable to pendente lite motions in making its orders.
The following orders will enter.
1. The parties will have joint legal custody of the four minor children. Both parties will have complete access to educational and non-privileged medical records concerning the children. The parties will consult with each other before enrolling the children in any extra-curricular activity. The wife will have final decision making authority, but shall not unreasonably enroll the children in activities which interfere with the husband's access to the children. The husband will arrange for the children's attendance at all activities scheduled for the time when he has responsibility for the children. CT Page 13005
2. The children will reside primarily with the wife. The husband will have visitation from 5:30 p. m. until 8:00 p. m. on Tuesdays and Thursdays of each week. He shall have the children every other week from 5:30 p. m. on Friday until 5:30 p. m. on Sunday. If he is required to work on a Saturday when his visitation is scheduled, he will notify the wife of that fact by the previous Wednesday at 5:30 p. m., and the visitation will commence after he has finished working on Saturday. In addition to this schedule, the parties are free to arrange additional visitation as they wish.
3. The presumptive amount of child support is $609.00 per week.[1]
Because the wife does not presently work outside of the home, and no evidence concerning her earning capacity was introduced, the husband is responsible for all of that sum. He will pay $609.00 per week as child support. He will pay all unreimbursed medical expenses actually incurred.
4. The husband will pay the wife $700.00 per week as temporary alimony pendente lite.
5. The financial orders are retroactive to January 1, 2002. The court has the authority to make them retroactive to the date of the filing of the motions for alimony and support, November 19, 2001, but declines to do so.
6. The motion for contempt regarding the sale of the truck (1 14.00) is denied because the parties agreed on the transaction.
7. The defendant may access the sum taken by Mrs. Grillo from the parties joint funds to the extent of $10,000.00 for counsel and expert fees. (Motion 124.00).
8. The parties are ordered to schedule the case for final hearing to be held before the end of January 2003.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.